## Webb v. Bubb

*Alfred Jackson*, for plaintiff.
*Cantor, Youngman & Gibson*, for defendants.

WILLIAMS, P. J., December 30, 1959. — Plaintiff, James P. Webb, commenced a law suit by a summons in assumpsit. The caption, besides showing him as plaintiff, names John A. Bubb, Glens Falls Insurance Company and Woodward Township School District as defendants.

He now petitions to amend his pleading to drop the Woodward Township School District as a defendant, and to show, as plaintiff in the action, School District of Woodward Township, to the use of James P. Webb.

The Glens Falls Insurance Company objects to an amendment, claiming that such would cause a new cause of action after the statute of limitations had run.

From the pleadings and argument it would appear that the Woodward Township School District contracted with defendant, John A. Bubb, to build an addition to its school house, that the Glens Falls Insurance Company furnished a bond deposited and held by the school district for the use of subcontractors in the event that they are not paid, that James P. Webb is a subcontractor who furnished work and material on the building and that he has not been paid for this work and material.

It also appears that when the suit was originally brought the statute of limitations had not run, but that at the time of the petition for amendment the statute had run.

Plaintiff is seeking his remedy under the Public School Code of Pennsylvania. Section 757(c) of article 7 of the Act of May 10, 1949, P. L. 30 (24 PS §7-757(c)), which provides that in all cases where a surety bond shall be given to any school district to secure performance by a contractor of any public contract for construction, and such bond shall include a condition for the payment of material furnished and labor supplied, a person who has furnished material

and labor and who has not been paid, shall have a right to intervene and be made a party to any action instituted on such bond by the school district. The act further provides that if no suit is brought by the school district within six months from the completion of the contract, then the persons who have supplied the contractor with labor and material "shall have a right of action, and shall be authorized to bring suit in the name of the school district obligee for his, their, or its use and benefit, against said contractor and his sureties . . ."

We are of the opinion that, even though the statute of limitation had run at the time the petition to amend was filed, the amendment should be allowed.

Although the common-law practice of bringing suit in the name of the holder of the legal title for the use of the beneficial owner is now practically obsolete, due to changes which require actions to be brought by the real party in interest, the school code provides that the action shall be brought in the name of the school district. The code recognizes, however, that there is a right of action in the subcontractor. In the instant law suit, we are of the opinion that James P. Webb is the real party in interest. When the action was commenced, defendant insurance company knew from the parties mentioned in the caption that it was being sued on its bond.

It has been said that so long as the real parties in interest and the cause of action remain the same, amendments which merely result in changes in nominal parties are allowed with considerable liberality, providing that the cause of action is not changed, or the amendment does not deprive the opposite party of a substantial right: 39 Am. Jur., Parties §82. Under statutory provisions for amendment adding new parties, it is generally held to be proper to allow the petition or complaint to be amended by adding a new plain-

496

tiff suing for the use of original plaintiff, for in such case the character of the suit is not thereby changed, nor is defendant prejudiced, since he can avail himself of the same defenses as if the action had been originally brought by the substituted plaintiff: 39 Am. Jur., Parties §92. We are of the opinion that statutes authorizing amendments as to parties should be liberally construed to prevent a defeat of justice through a mere mistake.

We are of the opinion that the appellate cases cited by defendant are not on point.

*Order of Court*

And now, December 30, 1959, it is ordered and decreed that the caption in the above-entitled case shall be amended to read "School District of Woodward Township to the Use of James P. Webb, Plaintiff, v. John A. Bubb, Glens Falls Insurance Company, Defendants." It is further ordered that the School District of Woodward Township be dropped as a defendant.